IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT W. JOHNSON,

    Plaintiff,

v.                                        No. 1:24-cv-00922-DHU-JMR

R. PHILLIPS,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

    Plaintiff, who is proceeding *pro se*,[1] resides in Syracuse, New York. *See* Complaint for Violation of Civil Rights at 2, Doc. 1, filed September 13, 2024 ("Complaint"). Defendant resides in Syracuse, New York. *See* Complaint at 2. Plaintiff asserts claims for discrimination, civil rights violations and due process violations and states "the events giving rise to [Plaintiff's] claim(s) occur[ed] … [in] Syracuse, NY" on September 2, 2024. Complaint at 3-4. Plaintiff alleges Defendant, a police officer, "failed to arrest [a trespasser] and author a restraining order against [the trespasser]." Complaint at 4. There are no factual allegations showing that Defendant's acts/omissions were motivated by discriminatory animus, that Defendant violated Plaintiff's civil rights or that Defendant deprived Plaintiff of due process.

    The statute governing venue in general states:

**Venue in general.**--A civil action may be brought in—

**(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

---

[1] The Complaint is signed by attorney "Willie Johnson," bar number "999999." Complaint at 6. Willie Johnson has not entered an appearance or obtained leave of the Court to sign and file any documents in this case as required by Local Rule of Civil Procedure D.N.M.LR-Civ. 83.4(a).

> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added).

> Factors considered in deciding whether a transfer is in the interests of justice include whether the claims would be barred by a statute of limitations if filed anew in the proper forum, *e.g. Haugh v. Booker,* 210 F.3d 1147, 1150 (10th Cir.2000) (citing *Coleman v. United States,* 106 F.3d 339, 341 (10th Cir.1997)), whether the claims alleged are likely to have merit, *e.g. Haugh,* 210 F.3d at 1150 (citing *Phillips,* 173 F.3d at 610), and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction, *Trierweiler,* 90 F.3d at 1544 ("[I]t is not in the interest of justice to transfer where a plaintiff either realized or should have realized that the forum in which he or she filed was improper.").

*Young v. State Government of Oklahoma*, 98 Fed.Appx. 760, 763-764 (10th Cir. 2004).

The Court concludes that the District of New Mexico is not a proper venue for this case because Defendant does not reside in the District of New Mexico and there are no allegations that any of the events or omissions giving rise to the claim occurred in the District of New Mexico. The Court concludes that a transfer of this case is not in the interests of justice because: (i) the events giving rise to this case occurred on September 2, 2024, consequently Plaintiff's claims will not be barred by a statute of limitations if filed in the proper forum; (ii) the Complaint does not allege facts showing that the claims are likely to have merit; and (iii) Plaintiff should have realized that the District of New Mexico is an improper forum. The Court dismisses this case without prejudice because the District of New Mexico is not the proper venue. Because it is dismissing

this case, the Court denies Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed September 16, 2024, as moot.

**IT IS ORDERED** that:

(i) This case is **DISMISSED without prejudice.**

(ii) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed September 16, 2024, is **DENIED.**

_____
**UNITED STATES DISTRICT JUDGE**